OPINION
{¶ 1} The defendant-appellant, Craig Harman, in propria persona, appeals the December 28, 2004 and January 20, 2005 judgments of the Crawford County Court of Common Pleas denying his motions to set aside sale.
 {¶ 2} On November 3, 2003, Weithman Bros., Inc. filed an Forcible Entry and Detention Complaint alleging that Harmon unlawfully and forcibly detained property located at 102 Harding Way East, Galion, Ohio beginning on October 31, 2003. Weithman Bros. attempted to serve Harmon at 7326 State Route 19, Galion, Ohio but was unsuccessful. When first service was returned because of a wrong address, the Weithman Bros. attempted to serve Harmon at P.O. Box 644, Mt. Gilead, Ohio. Again, Weithman Bros. was unsuccessful.
 {¶ 3} The trial court issued a Notice of Dismissal on January 16, 2004 for failure to prosecute. Weithman Bros. then filed an affidavit swearing that Harmon's location and address were unknown. The Clerk of the Crawford County Court of Common Pleas then filed a Notice of Publication on January 21, 2004 requiring Harmon to respond within 28 days or be subject to default judgment.
 {¶ 4} On March 29, 2004, Harmon responded by filing a motion for an extension of time. Harmon stated on his extension request that his address was P.O. Box 201, Galion, Ohio. The trial court granted Harmon's motion on March 30, 2004 and granted him 30 days to file an answer with the court.
 {¶ 5} On March 31, 2004, Weithman Bros. filed a Discovery Request and a Request for Admissions, and sent the requests to P.O. Box 201, Galion, Ohio. Harmon failed to respond to the requests within 28 days, so the trial court ordered the admissions to be true pursuant to Civ.R. 36.
 {¶ 6} Weithman Bros. filed a motion for summary judgment on June 10, 2004 and sent a copy to Harmon at P.O. Box 201, Galion, Ohio. The trial court issued a Summary Judgment Briefing Schedule on June 16, 2004, which stated that Harmon had until June 29, 2004 to file all affidavits, briefs, and other supporting documents in opposition to Weithman Bros. summary judgment motion.
 {¶ 7} Harmon failed to respond to Weithman Bros. Motion for Summary Judgment, so the trial court, on July 20, 2004, sustained Weithman Bros.' motion in the amount of $65, 437.50 plus interest and court costs.
 {¶ 8} On August 20, 2004, Harmon filed a Motion to Vacate Void Judgment, which was denied on September 9, 2004. On October 12, 2004, Harmon filed a Motion for Reconsideration of Harmon's Motion to Vacate Judgment. Furthermore, Harmon filed a Motion to Stay Execution of Judgment. On October 15, 2004, the trial court denied Harmon's Motion to Reconsider, which subsequently mooted Harmon's Motion to Stay Execution of Judgment. Harmon appealed both October 15, 2004 judgments, and we denied both appeals because both trial court judgments were not final orders.
 {¶ 9} On October 20, 2004, Weithman Bros. filed a Motion for Appraisal, Advertisement and Sale of Personal Property. Again, Harmon did not respond to this motion or request a hearing. On October 29, 2004, the trial court ordered that the Crawford County Sheriff seize and have appraised all of Harmon's personal property. Moreover, the trial court ordered all property to be sold at a public auction.
 {¶ 10} The Weithman Bros. attorney and the Sheriff of Crawford County circulated a newspaper notice in the Galion Inquirer, a newspaper of general circulation in Crawford County, from November 24 to December 8 notifying the public of the date, time, and place of the sale. On November 29, 2004, Weithman Bros. filed a motion for a 40 day time extension on the sale of Harmon's property. The trial court granted Weithman Bros. motion that same day stating that Weithman Bros. had 40 days to complete the sale of Harmon's personal property. The sale was set for December 29, 2004.
 {¶ 11} On December 27, 2004, Harmon filed an Emergency Motion to Vacate Writ of Execution and Subsequent Order. Moreover, on December 28, 2004, Harmon filed a Motion to Set Aside Sale for lack of meeting the statutory requirements outlined in R.C. 2329.13(B)(2) and (A)(1)(a). Both the Motion to Vacate Writ of Execution and Subsequent Order and the Motion to Set Aside Sale were denied by the trial court on December 28, 2004. Harmon listed his mailing address as P.O. Box 201 Galion, Ohio on both motions.
 {¶ 12} The sale was conducted on December 29, 2004, and on January 4, 2005, Harmon filed a Motion to Set Aside Sale pursuant to R.C.2329.13(B)(2) and (A)(1)(a). On January 18, 2005, Weithman Bros. filed a Motion to Release Funds from the sale. On January 20, 2005, the trial court denied Harmon's Motion to Set Aside Sale pursuant to R.C.2329.13(B)(2) and (A)(1)(a). Furthermore, on that same day, the Court ordered that the $6,185 derived from the sale of Harmon's personal property be distributed as follows: $1,993.82 to the auctioneer; $562.52 to the Sheriff's department; $3,628.66 to Weithman Bros.
 {¶ 13} On January 27, 2005, Harmon appealed the December 28, 2004 and the January 20, 2005 denial of his Motions to Vacate Writ of Execution and Subsequent Order and the Motion to Set Aside Sale. He alleges seven assignments of error.
Trial court erred in not vacating writ of execution based on defectiveservice
 Trial court erred in not vacating writ of execution subsequent orderbased on fraud, misrepresentation and misconduct on part ofplaintiff-appellee
 Trial court erred in not vacating writ of execution subsequent orderbased on officer of the court perpetuating participating in fraud uponthe court
 Trial court erred in not vacating writ of execution subsequent orderby calling into effect inherent power of the court as a "Catch All" toavoid grave miscarriage of Justice to relieve person from unjustoperation of a judgment
 Trial court erred in not setting aside sale of goods, before sale,based on plaintiff-appellee's failure to meet statutorily requirednotice
 Trial court erred in not setting aside sale of goods, after sale andprior to confirmation based on plaintiff-appellee's failure to meetstatutorily requied notice
 Trial court erred in not vacating writ of execution and setting asidesale, in direct violation [of the] due process clause of theunited states constitution.
 {¶ 14} R.C. 2329.13 states, in pertinent part:
(A) Goods and chattels levied up on by virtue of an execution of acourt of record shall not be sold until both of the following occur:
 (1)(a) Except as otherwise provided in division (A)(1)(b) of thissection, the judgment creditor who seeks the sale of the goods andchattels or the judgment creditor's attorney does both of the following:
 (i) Causes a written notice of the date, time, and place of the sale tobe served in accordance with divisions (A) and (B) of Civil Rule 5 uponthe judgment debtor . . .
 (ii) At least three calendar days prior to the date of the sale, fileswith the clerk of the court that rendered judgment giving rise to theexecution a copy of the written notice described in division (A)(1)(a)(i)of this section with proof of service endorsed on the copy in the formdescribed in division (D) of Civil Rule 5. * * *
 (B)(1) A sale of goods and chattels levied upon by virtue of anexecution of a court of record may be set aside in accordance withdivision (B)(2) of this section
 (2) Subject to divisions (B)(3) and (4) of this section, all sales ofgoods and chattels levied upon by virtue of an execution of a court ofrecord that are made without compliance with the written noticerequirements of division (A)(1)(a) of this section and the public noticerequirements of division (A)(2) of this section shall be set aside, onmotion, by the court to which the execution is returnable.
 * * *
 (4) If the court to which the execution is returnable enters its orderconfirming the sale of the goods and chattels, the order has both of thefollowing effects:
 (a) The order shall be deemed to constitute a judicial findingas follows:
 (i) That the sale of the goods and chattels complied with the writtennotice requirements of division (A)(1)(a) of this section and the publicnotice requirements of division (A)(2) of this section, or thatcompliance of that nature did not occur but the failure to give notice toa party entitled to notice under division (A)(1)(a) of this section hasnot prejudiced that party;
 (ii) That all parties entitled to notice under division (A)(1)(a) ofthis section received adequate notice of the date, time, and place of thesale of the goods and chattels.
 (b) The order bars the filing of any further motions to set aside thesale of the goods and chattels.
 {¶ 15} In the instant case, Harmon argues that he did not receive sufficient notice pursuant to R.C. 2329.13(A)(1)(a); therefore, Harmon argues that pursuant to R.C. 2329.13(B)(1) the trial court was required to set aside the sale of this goods and chattels.
 {¶ 16} Preliminarily, we note that a review of the record indicates that Harmon's argument that he was not properly served pursuant to R.C.2329.13(A)(1)(a) may have merit. Nevertheless, assuming arguendo that this is true, we conclude that viewing the record as a whole, Harmon was not prejudiced by the possible lack of R.C. 2329.13(A)(1)(a) notice. See R.C. 2329.13(B)(2) and 2329.13(B)(4)(a)(i).
 {¶ 17} First, we note the trial court's January 5, 2005 judgment entry that specifically states that "[u]pon review of the case file, and after due consideration the Court finds that all requirements of R.C.2329.13(A)(1) and (2) have been met by the Plaintiff."
 {¶ 18} Second, we highlight the numerous motions filed by Harmon in order to stop or prevent the sale of his property. See, e.g., Motion for Stay of Execution, Oct. 12, 2004; Motion to Stay Execution, Oct. 21, 2004, Motion for Reconsideration, Oct. 21, 2004; Emergency Motion to Vacate Sale, Dec. 27, 2004; Memorandum in Support of Motion to Vacate Writ of Execution, Dec. 27, 2004 ("Therefore, Defendant requests the Court issue an Order Vacating the instant Writ of Execution and directing the Sheriff to release all property seized, as well as Vacating subsequent Order dated 10/19/04 relating to the December 29, 2004 sale. . . ."); Motion to Set Aside Sale, Dec. 28, 2004.
 {¶ 19} Third, we note the motions that Weithman Bros. filed regarding the sale. See, e.g. Precipe to issue Writ of Execution, Sept. 10, 2004; Motion for Appraisal Advertisement and Sale by Plaintiff, Oct. 20, 2004; Motion for Additional 40 Days to Permit Sheriff the Opportunity to Complete Advertising and Sale of Defendant's Personal Property, Nov. 29, 2004; Motion for Emergency Hearing, Dec. 28, 2004.
 {¶ 20} Fourth, we point out all the judgment entries that the trial court entered in this case prior to the sale. See, e.g. Judgment Entry ordering the Crawford County Sheriff to Seize and have Appraised all Personal Property located in Basement of Premises at 102 Harding Way West and Offer for Sale at Public Auction, Oct. 29, 2004, copied mailed to Harmon that same day; Judgment Entry Granting Plaintiff's Motion for an Extension of Time, Nov. 29, 2004, copy mailed to Harmon that same day; Judgment Entry Excluding Certain Items from Sale, Dec. 28, 2004, copy mailed to Harmon that same day.
 {¶ 21} Finally, we highlight numerous communications in the record that indicate that Harmon was aware of the December 29, 2004 sale.[1]
See, e.g. E-mail from Dec. 20, 2004 indicating that the sale was going to take place on Dec. 29, 2004; facsimile from Dec. 23, 2004 of an advertisement indicating that the sale was going to take place on Dec. 29, 2004.
 {¶ 22} In sum, based on all the motions, memorandums, communications, and judgment entries in the record, we conclude that Harmon was aware of the December 29, 2004 sale of his personal property. Furthermore, because the trial court entered its order confirming the sale of Harmon's goods on January 20, 2005, we conclude that despite the possibility that Weithman Bros. failed to give R.C. 2329.13(A)(1)(a) notice, the record indicates that Harmon was not prejudiced. See R.C. 2329.13(B)(2) and2329.13(B)(4)(a)(i). Accordingly, all assignments of error are overruled and the judgment of the trial court is affirmed.
Judgment Affirmed.
 Bryant and Rogers, J.J., concur.
[1] Harmon introduced the communications into the record.